IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY L. HANES**, | : CIVIL ACTION NO. 1:07-CV-1706 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **COLUMBIA GAS OF PENNSYLVANIA,** | : |
| **RONALD H. BLYMIRE, JR.,** | : |
| **RONALD LEE PRYOR**, and | : |
| **CHARLES M. ZAMBITO,** | : |
| **Defendants** | : |

## MEMORANDUM

This is the second in a series of employment discrimination actions filed by Jeffrey L. Hanes ("Hanes") against his employer, Columbia Gas of Pennsylvania ("Columbia Gas"). Hanes, who is an African-American male, alleges that Columbia Gas and several of its employees discriminated, retaliated, and conspired against him on the basis of his gender and race. Presently before the court is the motion to dismiss (Doc. 21), filed by Columbia Gas and three of its employees, Ronald H. Blymire, Jr. ("Blymire"), Ronald Lee Pryor ("Pryor"), and Charles M. Zambito ("Zambito").[1] For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

---

[1] At all times relevant to this action, the individual defendants served in the following capacities at Columbia Gas: (1) Blymire served as operations center manager in the eastern Pennsylvania division, (2) Pryor served as senior human resource consultant in York, Pennsylvania, and (3) Zambito served as senior operations support specialist in York, Pennsylvania. (Doc. 19 ¶¶ 7-9.)

I.      **Factual Background**[2]

Hanes began his employment with Columbia Gas on May 8, 1989 as a laborer. (Doc. 19 ¶ 20.) In February of 2001, Hanes bid on and was awarded a Customer Service "B" position. (Id.) At the time, Hanes was the only non-Caucasian employee in the customer service department. (Id. ¶ 21.) All non-supervisory employees of Columbia Gas are represented by the United Steelworkers union. Columbia Gas and the union have entered into a series of contracts that govern various terms and conditions of employment with Columbia Gas and guarantee that all Columbia Gas employees are to "be treated equally in their terms and condition [sic] of their employment regardless of race or sex." (Id. ¶¶ 17, 19.) Hanes alleges that he is a party to these contracts "and/or holds a vested interest as a third-party beneficiary" thereof. (Id. ¶ 18.)

Between 2003 and 2006, Hanes alleges that he "was treated more adverse [sic] in the terms and conditions of his employment than similarly situated Caucasian and female employees" and that Pryor, Blymire, and Zambito[3] "agreed to make concerted decisions to negatively affect Plaintiff in his terms and conditions of employment." (Id. ¶¶ 22-23.) As early as 2003, Hanes began to file grievances regarding defendants' discriminatory practices, including the company's

---

[2] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

[3] Pryor, Blymire, and Zambito are all Caucasian males. (Doc. 19 ¶ 23.)

2

failure to hire racial minorities. Hanes also began to seek enforcement of those provisions of the union contract mandating the equal treatment of employees. (Id. ¶¶ 26, 28.) In 2004, defendants began to retaliate against Hanes for his grievances by "unjustly taking disciplinary action" against him.[4] (Id. ¶ 27.) This disciplinary action includes: (1) issuing Hanes two written reprimands stating that he had committed safety and health violations,[5] and (2) orally reprimanding Hanes "about his work log and about going to the shop in mid-day to obtain materials."[6] (Id. ¶¶ 34-35, 59.) Absent such discriminatory and retaliatory treatment, Hanes alleges that he would have been qualified for promotion to a Customer Service "A" position no later than August 2003. In fact, Hanes did not become qualified for such a

---

[4] Hanes filed additional grievances addressing this disciplinary action. (Doc. 19 ¶ 28.)

[5] Hanes alleges that the written reprimands relied upon incidents that were as far removed in time as 1991 and that defendants did not advise Hanes of his "poor safety record" until he had engaged in the protected activity of filing his grievances. (Doc. 19 ¶ 43.) Hanes also states that the majority of the incidents listed in the letters either did not qualify as safety and health violations or were not preventable and that "similarly situated Caucasian and female employees were not similarly disciplined, but were treated more favorably than Plaintiff." (Id. ¶¶ 41-42.)

[6] Hanes alleges that Sue Selack, a Caucasian female in the service department, had similar work log discrepancies for which she went unpunished. (Doc. 19 ¶ 37.) Hanes further alleges that when he attempted to advise Zambito that he had gone to the shop to obtain supplies and use the restroom, Zambito accused him of lying and checked the surveillance tape from the camera monitoring the shop. (Id. ¶ 36.) Hanes alleges that Caucasian service employees are regularly allowed to go to the shop to obtain supplies and use the restroom. (Id. ¶ 39.) For example, the surveillance tape revealed that Steve Rawlinson, a Caucasion male, was in the shop at the same time as Hanes; however, Rawlinson was not reprimanded. (Id. ¶ 38.)

promotion until February of 2005.  (Id. ¶ 25.)

Before initiating the instant action, Hanes dual-filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC").[7]  (Doc. 19 ¶ 12.)  On June 19, 2007, the EEOC issued a "Dismissal and Notice of Rights" letter to Hanes.  The letter provided Hanes with ninety days in which to file a lawsuit in federal or state court.  (Id. ¶ 14; see also id., Ex. 2.)  The instant action followed on September 18, 2007.  (See Doc. 1.)  Hanes filed an amended complaint on January 22, 2008, alleging that defendants discriminated against him on the basis of his race and gender and retaliated and conspired against him in violation of:  (1) Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2(a), (2) 42 U.S.C. § 1981 ("§ 1981"), (3) 42 U.S.C. § 1985(3) ("§ 1985"), and (4) the Pennsylvania Human Relations Act ("PHRA"), PA. STAT. ANN. tit. 43, §§ 951-963.[8]  (See Doc. 19.)  Defendants filed the instant motion to dismiss, which has been fully briefed and is ripe for disposition.  (See Doc. 21.)

---

[7] Hanes alleges that defendants falsely advised the PHRC that Hanes had previously filed a federal claim addressing the issues asserted in his administrative filings and that the PHRC and the EEOC dismissed Hanes' filings prematurely. Hence, Hanes now argues that defendants' actions effectuated a waiver of their right to assert failure to exhaust as a defense in the instant action.  (Doc. 19 ¶ 15.)

[8] Hanes' brief in opposition to the motion to dismiss clarifies that he does not intend to pursue any § 1983 claims.  (See Doc. 24 at 4.)  Accordingly, the court will grant defendants' motion to the extent that it seeks dismissal of § 1983 claims.

## II.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499

F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane, 213 F.3d at 116-17.

### III.   Discussion

Defendants assert that Hanes' Title VII and PHRA claims have been improperly exhausted and that Hanes cannot recover compensatory or punitive damages pursuant to Title VII. The court turns first to the issues of exhaustion that pertain to the individual defendants.

#### A.   Failure to Exhaust Administrative Remedies as to Individual Defendants

Defendants allege that Hanes failed to exhaust his administrative remedies with respect to his Title VII and PHRA claims against the individual defendants by neglecting to name them as parties in the administrative proceedings before the PHRC and the EEOC. (Doc. 21 ¶¶ 6, 8.) In response, Hanes concedes that he did not intend to assert Title VII claims against the individual defendants; therefore, these claims will be dismissed. (See Doc. 24 at 11.) Hanes makes no similar concession with respect to his PHRA claims. Accordingly, the court will consider

whether Hanes has appropriately exhausted his PHRA claims against the individual defendants.

The general rule is that "a charge must be filed *against a party* with the EEOC before an action in the district court can be commenced."[9] Glus v. G.C. Murphy Co., 562 F.2d 880, 885 (3d Cir. 1977) (emphasis added); see also Pino v. Wyeth-Ayerst/AHPC, Nos. 95-3180, 95-4008, 1995 WL 708551, at *3 (E.D. Pa. Nov. 29, 1995) ("Exhaustion of the EEOC's administrative remedies against *each particular defendant* is a jurisdictional prerequisite to suit against him or her under [the PHRA]." (emphasis added)); Dreisbach v. Cummins Diesel Engines, Inc., 848 F. Supp. 593, 595 (E.D. Pa. 1994) ("The provision requiring the naming of the respondent in the EEOC charge is a jurisdictional prerequisite to the institution of suit against that party."). This general rule is intended "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation." Dreisbach, 848 F. Supp. at 595 (citing Glus, 562 F.2d at 888). However, the courts have crafted certain narrow exceptions to the requirement that all parties be named in the administrative proceedings. Dreisbach, 848 F. Supp. at 596. The Glus court enunciated the following four-pronged test for use in determining whether a plaintiff may proceed against a party who was not named in the

---

[9] While this rule has been stated in the context of Title VII, "courts have held that the PHRA should be interpreted consistently with Title VII." O'Donnell v. Michael's Family Rest., Inc., No. 07-5386, 2008 WL 2655565, at *2 n.2 (E.D. Pa. July 1, 2008) (applying Title VII administrative exhaustion requirements to PHRA claims).

plaintiff's administrative charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Glus, 562 F.2d at 888.

In the instant case, defendants concede that Zambito is referenced in Hanes' EEOC and PHRC filings.  (See Doc. 23 at 14-15.)  In the restricted posture of a motion to dismiss, the court must draw all reasonable inferences in favor of Hanes and conclude that the mention of Zambito in the administrative filings provided him with sufficient notice of the discrimination claims against him.  See Snead v. Hygrade Food Prods. Assocs., No. 98-2657, 1998 WL 910223, at *2 (E.D. Pa. Dec. 28, 1998); see also Zarazed v. Spar Mgmt. Servs., No. 05-2621, 2006 WL 224050, at *6 (E.D. Pa. Jan. 27, 2006) ("An allegation naming a particular individual in the body of the Charge has been enough to amount to exhaustion of administrative remedies.").  Accordingly, the court will not dismiss the PHRA claims against Zambito on the basis of a failure to exhaust.

With respect to the claims against Blymire and Pryor, the record before the court is not sufficiently developed to permit the analysis required by the four-pronged Glus test.  EEOC and PHRC charges and other records have not been

appended to the complaint or the motion to dismiss. In the absence of these documents, the court cannot ascertain whether Blymire and Pryor had notice of the administrative proceedings or had such a commonality of interest with Columbia Gas that their inclusion as parties to the administrative proceedings would have been wholly superfluous. The court finds that resolution of this issue is more appropriately reserved for summary judgment and will deny the motion to dismiss with respect to the PHRA claims against Blymire and Pryor.

### B.     Failure to Exhaust Administrative Remedies as to Columbia Gas

Defendants allege that several of Hanes' Title VII claims in the instant litigation fall outside of the scope of the claims that he asserted during the administrative proceedings. (See Doc. 21 at 6.) While a plaintiff is generally required to exhaust administrative remedies with respect to each of his or her Title VII claims, a court may "assume jurisdiction" over claims that were not technically exhausted "if they are reasonably within the scope of the complainant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984); see also Neiderlander v. Am. Video Glass Co., 80 F. App'x 256, 260 (3d Cir. 2003). Claims that have a common factual basis with those alleged in the administrative charge may be asserted in federal court because the administrative process has placed the defendant on notice of the factual basis underlying the previously unasserted claims. See Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996). "The relevant test . . . is whether the acts alleged in the subsequent Title VII suit are

fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Id. (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)).

As previously stated, the court lacks documentary evidence regarding the scope of the administrative proceedings undertaken in the instant case. See supra Part III.B. This lack of information prevents the court from determining whether the disputed claims are "fairly within the scope" of Hanes' administrative complaints or the investigation that arose therefrom. Antol, 82 F.3d at 1295. Accordingly, this issue is more appropriately reserved for resolution at summary judgment, and the court will deny defendants' motion to dismiss with respect to this issue.[10]

### C. Damages Limitations under Title VII

Defendants contend that even if Hanes succeeds on his Title VII claim, he cannot recover compensatory or punitive damages. (Doc. 21 at 5.) Title VII expressly authorizes "an award of backpay 'or any other equitable relief as the court deems appropriate.'" Protos v. Volkswagen of Am., Inc., 797 F.2d 129, 138 (3d Cir. 1986) (quoting 42 U.S.C. § 2000e-5(g)). Prior to the 1991 amendments to the Civil Rights Act, the Third Circuit expressly held that punitive damages are not available pursuant to Title VII and that the "overwhelming weight of authority from

---

[10] Defendants similarly allege that Hanes' § 1981 claim must be dismissed because it involves factual allegations that post-date the filing of his administrative complaints. (Doc. 21 at 8-9.) However, § 1981 "does not require exhaustion of administrative remedies." Wright v. Phila. Gas Works, No. 01-2655, 2001 WL 1169108, at *6 (E.D. Pa. Oct. 2, 2001). Therefore, defendants' argument must be denied.

other courts is that compensatory damages are not available under Title VII either." Id.  However, the 1991 amendments added compensatory and punitive damages to the authorized remedies in Title VII cases of "unlawful intentional discrimination." 42 U.S.C. § 1981a.  Such remedies are, however, only allowable where the plaintiff cannot recover pursuant to 42 U.S.C. § 1981.  Id.  This provision is intended to prevent the "double recovery of plaintiffs bringing claims under Title VII and § 1981."  Jackson v. Local Union 542, Int'l Union of Operating Eng'rs, 155 F. Supp. 2d 332, 337 n.7 (E.D. Pa. 2001).

In the action *sub judice*, Hanes seeks recovery pursuant to Title VII and § 1981.  However, Hanes is permitted to plead in the alternative, and the court is not being called upon to address the relative merits of Hanes' alternative claims at this juncture.  Therefore, any concerns regarding duplicative recovery must be dealt with during the summary judgment or trial stages of this litigation.  Defendants' motion to dismiss will be denied to the extent it asserts that Hanes cannot pursue compensatory or punitive damages pursuant to Title VII.

**IV.   Conclusion**

For the foregoing reasons, the motion to dismiss (Doc. 21) will be granted in part and denied in part.  An appropriate order shall issue.

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:   August 14, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY L. HANES**, | : | CIVIL ACTION NO. 1:07-CV-1706 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **COLUMBIA GAS OF PENNSYLVANIA,** | : | |
| **RONALD H. BLYMIRE, JR.,** | : | |
| **RONALD LEE PRYOR,** and | : | |
| **CHARLES M. ZAMBITO,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 14th day of August, 2008, upon consideration of the motion to dismiss the first amended complaint (Doc. 21), and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that the motion to dismiss the first amended complaint (Doc. 21) is GRANTED in part and DENIED in part as follows:

1. The motion to dismiss (Doc. 21) is GRANTED with respect to:

   a. All Title VII claims against defendants Ronald H. Blymire, Jr., Ronald Lee Pryor, and Charles M. Zambito; and

   b. All claims pursuant to 42 U.S.C. § 1983.

2. The motion to dismiss (Doc. 21) is otherwise DENIED.

3. Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. A revised pretrial and trial schedule shall issue by future order of court.

                                                  /s/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge